Case 1:22-cv-00899-JLT-HBK   Document 3   Filed 06/27/22   Page 1 of 13

FILED
Jun 27 2022
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY    s/ shellyy    DEPUTY

Charles Devon Garrett CDC# BJ9946
P.O. Box 921 C-5 131
Imperial, Ca 92251
Petitioner in Pro se

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

In re CHARLES DEVON GARRETT     Case no. 22-CV-864
On Habeas Corpus
  Petitioner in Pro se,     Amended Petition
VS.                                For Collateral
SHAWN MOORE                        Relief
  Respondent.              Pursuant to Rule 15

TO THE ABOVE ENTITLED COURT:
  Petitioner respectfully request this honorable court to take judicial notice of Petitioner's Amended Petition that arrives to this honorable court. The amendments to the Petition pertain to assertions that Petitioner has raised in his original habeas corpus petition that is currently pending review in this honorable court under referenced case no. This specific segment can be found on page 7 lines 15-24 on the original Petition that was filed in this honorable court June 10, 2022. All other information on the original Petition remains the same.

1

Argument

VI.

THE FIFTH DISTRICT COURT OF APPEAL CONSTRUCTIVELY DENIED PETITIONER ASSISTANCE OF COUNSEL ON APPEAL WHICH PRODUCED AN ERRONEOUS ASSESSMENT OF PETITONER'S UNDERLYING CASE IN LIGHT OF THE SEARCH WARRANT THAT WAS PLUCKED FROM THE TRANSCRIPTS, PETITIONER WAS DENIED PROCEDURAL DUE PROCESS OF LAW

Petitioner alerted the Fifth District Court of Appeal that, the search warrant was "sanitized from the appellate record which deprived appellate counsel an effective analysis of the facts of Petitioner's underlying case, and an adequate review from this honorable court" (see original petition procedural exhibit #9 page 6 lines 21-25). The Fifth District Court of Appeal reviewed Petitioner's underlying case, six months after rendering an opinion on appeal June 14, 2021, the second review of Petitioner's underlying case, contained the search warrant. The thrust of Petitioner's claim was in harmony with California Civil Procedure §170.3, which ultamately proved the honorable judge Cardoza "did not have jurisdiction to preside over Petitioner's underlying case".

Petitioner has also cited the California Civil Procedure §170.1 specified statutes; California Judicial conduct canons, California Administration Rules, and United States Supreme

2

Court Precedents, all in which is vested in the United States Constitution Fourteenth Amendment Equal Protection Clause that is embodied in Due Process California Constitution Article I, §§7, 15. The Fifth District Court of Appeals rejection of Petitioner's contentions was objectively unreasonable. Moreover, the Fifth District Court of Appeal committed in even more serious error, when it failed to appoint new counsel after discovering the search warrant in Petitioner's Habeas Corpus petition, that was not apart of the appellate record, which displayed an "incomplete trial court record" in the first instance, following Petitioner's Guilty verdict in the Fresno County Superior Court.

    Petitioner contends that, the totality of these circumstances left Petitioner completely without representation throughout the course of his appellate proceeding, because state appointed appellate counsel, was reviewing an incomplete trial court record in the first instance, which collectively, rendered the Fifth District Court of Appeals opinion a "distorted conception of the facts" because Petitioner's transcripts were edited, this materially and prejudicially affected Petitioner, because it denied him procedural due process of law in violation of United States Constitution Equal Protection Clause of the Fourteenth Amendment.

    The Fifth District Court of Appeals failure to appoint new counsel sua sponte, in light of the search warrant that was not apart of the appellate record, was abuse of process that affected the integrity of an Appellate court's

3

function of "achieving Justice". New counsel was an appropiate remedy, in "reviewing the entire trial court record de novo with the search warrant attached", as if the first appellate review never existed. Following Fifth District Court of Appeal summary denial that was issued April 6, 2022, Petitioner filed a Petition for Review in the California Supreme Court.

    Petitioner renewed his Judicial Bias claim, and added an additional claim of Constructive denial of counsel. Petitioner asserts that, sense the California Supreme Court obtained jurisdiction of Petitioner's underlying case for the first time, he presumed that, "the California Supreme Court would either grant the Petition for Review, or provide Petitioner a mechanism that would allow him to establish the facts of his underlying claims on the record", however, this was not the case. The California Supreme Court, just outright rejected Petitioner claims. Petitioner contends that, the California Supreme Court summary denial was objectively unreasonable, and also an erroneous assessment of Petitioner's underlying case, in light of the evidence Petitioner presented in his Petition for Review (see exhibit A).

    Petitioner has acted diligently in pursueing his Constitutional Rights, and ultamately denied Justice in the State's Courts as a result. Petitioner is currently deprived of his personal liberty while illegally restrained, in violation of the Fifth and Fourteenth Amendments of the United States Constitution TO WIT: "No person in any State, shall be deprived of life and liberty without due process of law".

Petitioner contends he was deprived of his life, and liberty without due process of law. In closing, Petitioner respectfully request this honorable court to take judicial notice of the amended petition that arrives to this honorable court. This is necessary when Petitioner has made assertions that was unsupported by a full briefing of the fundamental defect, that deprived Petitioner Procedural due process of law in the course of his appellate proceeding, following the jurors guilty verdict in the Fresno County Superior Court.

POINTS, AND AUTHORITIES

Relying on Penson V. Ohio, 488 U.S. 75, 102 L.Ed 2d 300, 109 S.ct. at p. 352-54 "it is important to emphasize that the denial of counsel in this case left Petitioner completely without representation during the appellate court's actual decisional process. Because the fundamental importance of the assistance of counsel does not cease as the prosecutorial process moves from the trial to the appellate stage, the presumption of prejudice must extend as well to the denial of counsel on appeal." quoting Penson [citation] Under clearly established law, "all criminal defendants have right to an advocate in mandatory appeals" see Douglas V. California, 372 U.S. 353, 83 S.ct. 814 (1963); also see Evitts V. Lucey, 469 U.S. 392, 83 L.Ed 2d 821, 105 S.ct. 830 (1985). "If a state created appellate courts as an integral part of the ...system for finally adjudicating the guilt or innocence of a defendant, the procedures used in deciding appeals must comport with the demands of the Due

5

1  Process and Equal Protection Clauses of the Constitution"
2  quoting Griffin v. Illinois (1956), 351 U.S. at 18. Because the
3  right to a "record of sufficient completness" is a procedural
4  due process right see Bush v. Sec'y, Fla Dep't of Correction,
5  888 F.3d at 1188-97. The Fifth District Court of Appeal was
6  objectively unreasonable in rejecting Petitioner's claim of
7  "Judge Cardoza sitting as a disqualified judge" and therefore
8  lacked jurisdiction of Petitioner underlying case, the court's
9  failure to vacate his conviction was an erroneous assess-
10 ment of Petitioner's underlying case, in light of the search
11 warrant that was presented in Petitioner's habeas corpus
12 petition. This materially and prejudicially affected Petitioner
13 Keough v. Tate City. Bd. of education, 748 F.2d 1077, 1083
14 (5th Cir. 1984); Mullen v. Blackburn, 808 F.2d 1143, 1146 (5th Cir,
15 1987). Affirming a conviction on direct appeal notwith-
16 standing the absence of portions of the trial transcript
17 essential to meaningful appellate review of trial-judge
18 error could deny the defendant procedural due process of law
19 see eg Mayer v. Chicago, 404 U.S. at 193-96, 92 S.ct. at 414-15;
20 Draper v. Washington, 372 U.S. 487, 495-98, 83 S.ct 774, 779-80,
21 9 L.Ed. 2d 899 (1963); Griffin v. Illinois, 351 U.S. 12, 15, 76
22 S.ct. 585, 589, 100 L.Ed 891 (1956). Moreover, the search
23 warrant should have been a normal part of the trial
24 transcripts because it identifies the jurisdiction of Petitioner's
25 underlying case and because the search warrant was
26 omitted, this denied adequate appellate review following
27 state appointed appellate counsel's wende brief. "When a state
28 deprives a person of liberty or property through a hearing

6

held under statutes and circumstances which necessarily interfere with the course of justice, it deprives him of liberty and property without due process of law" see Tumey v. Ohio, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927); Moore v. Dempsey, 261 U.S. 86; Frank v. Mangum, 237 U.S. 309. The California Supreme Court took an erroneous assessment of Petitioner's underlying case in light of the evidence Petitioner presented in his Petition for Review. The trial court judge "should not only be fair in fact, but it should also appear to be fair. And where the contrary appears, it shocks the judicial instinct to allow the judgment to stand" see Pratt v. Pratt (1903) 141 Cal. 247, 252, 74 p. 742. Although fairness "requires an absence of actual bias in the trial of cases", it is "endeavored to prevent even the probability of unfairness" Greenway v. Schriro (9th Cir. 2011) 655 F.3d 790, 806. The remedy of habeas corpus "permits an examination not only of the actual evidence introduced at a Petitioner's trial but of any necessary additional evidence bearing upon the infringement of the Petitioner's Constitutional rights" see In re Bell (1942) 19 C 2d 488, 501 [citations omitted]. It is "regarded as the greatest remedy known to the law whereby one unlawfully restrained of his liberty can secure his release" In re Clark (1993) 5 C 4th 750, 764; see also In re Sanders (1999) 21 C 4th 697, 703. Petitioner asserts that the search warrant was plucked from the trial record for the general purpose of "going undetected throughout the appellate process", this way, appellate counsel cannot see the fundamental defect, while reviewing Petitioner's

7

underlying case. It is Petitioner's belief that either Judge Cardoza, court clerk, or the court reporter manipulated Petitioner's transcripts, because the only search warrant that was apart of Petitioner's transcripts, was the search warrant that was executed to search Petitioner's "Jail Cell". Petitioner contends that, whoever manipulated Petitioner's transcripts, acted willfully and with reckless disregard for Petitioner's fundamental Procedural Due Process of law with regard to Petitioner's mandatory appeal following the juror's guilty verdict. "To act willfully in the sense in which we use the word is to act in open defiance or reckless disregard of a constitutional requirement that has been made specific and definite" quoting Screws v. United States 325 U.S. 91, 105, 65 S.ct. 1031, 89 L.Ed. 1495 (1945)."Willfulness includes reckless disregard" see United States v. Johnstone, 107 F.3d 200, 208 (3d Cir. 1997). A fair trial and appeal is a constitutional right see Lisenba v. California, 314 U.S. 219, 236, 62 S.ct. 280, 86 L.Ed. 166 (1941). Petitioner contends, the state's entire case deprived him of fundamental Due Process of law that rendered his conviction and sentence unconstitutional because Petitioner was convicted without Due Process of law, in violation of the Fifth and Fourteenth Amendment to United States Constitution. The totality of these circumstances resulted in manifest error that tainted the framework of Petitioner's appeal. Because the search warrant was omitted from the transcripts, Petitioner's conviction is based on a distorted conception of the facts not adequate, "resulting the verdict worthy of confidence" that Justice was served. see Kyles v. Whitley (1995) 514 U.S. 419, 434, 115 S.ct 1555; Mathews, 424 U.S. 319, 96 S.ct. 893 (1976)

8

DECLARATION IN SUPPORT OF AMENDED PETITION

I, Charles Devon Garrett, Petitioner in Pro se, Declare:

Based on the foregoing, I respectfully request this honorable court to take judicial notice of the Amended Petition that arrives to this honorable court. The information provided in the Amended Petition, is based on Petitioner's recollection and understanding of the committed errors complained of.

Dated: 6-22-22                                          Respectfully Submitted,

                                                        *[signature]*

                                                        Charles Devon Garrett
                                                        Petitioner in Pro se

9

## PROOF OF SERVICE BY MAIL

### BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, Charles Devon Garrett, declare:

I am over 18 years of age and a party to this action. I am a resident of El Centro Centinela State Prison, in the county of Imperial, State of California. My prison address is: P.O. Box 921 C-5 131.

On _____ (DATE)

I served the attached: Amended Petition, Petition for Review in California Supreme Court (DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional institution in which I am presently confined. The envelope was addressed as follows:

Charles Devon Garrett
P.O. Box 921 C-5 131
Imperial, Ca 92251

TO: Clerk of U.S. District Court
333 West Broadway suite 420
San Diego, Ca 92101

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 6-22-22 (DATE)

_____
(DECLARANT'S SIGNATURE)

Civ-69 (Rev. 9/97)                                                                 ::ODMA\PCDOCS\WORDPERFECT\22832\1

# PROOF OF SERVICE BY MAIL

## BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, _Charles Devon Garrett_, declare:

I am over 18 years of age and a party to this action. I am a resident of _El Centro_ _Centinela State_ Prison, in the county of _Imperial_, State of California. My prison address is: _P.O. Box 921 C-5 131_.

On _____ (DATE),

I served the attached: _Amended Petition, Petition For Review in the California Supreme Court_ (DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional institution in which I am presently confined. The envelope was addressed as follows:

Charles Devon Garrett
P.O. Box 921 C-5 131
Imperial, Ca 92251

To: Office of Attorney General
State of California
600 West Broadway Suite 1800
San Diego, Ca 92101

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _6-22-22_ (DATE)

(DECLARANT'S SIGNATURE)

Civ-69 (Rev. 9/97)                ::ODMA\PCDOCS\WORDPERFECT\22832\1

Charles Devon Garrett  CDC# BJ9946
P.O. Box 921 C-5 131
Imperial, Ca 92251





Clerk of United States District Court
333 West Broadway suite 420
San Diego, Ca 92101

LEGAL MAIL

P. Chavez 6/24/22

CENTINELA STATE PRISON
FACILITY C BUILDING 5