UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES DEVON GARRETT,<br><br>        Petitioner,<br><br>    v.<br><br>SHAWN MOORE,<br><br>        Respondent. | Case No.   1:22-cv-00899-JLT-HBK (HC)<br><br>ORDER STRIKING PETITIONER'S LODGED [SECOND] AMENDED PETITION<br><br>(Doc. No. 15)<br><br>ORDER GRANTING MOTION TO FILE A SECOND AMENDED PETITION<br><br>THIRTY DAY DEADLINE<br><br>(Doc. No. 16) |

    Before the Court is Petitioner's lodged [Second] Amended Petition filed August 29, 2022 and Motion to Augment Habeas Corpus Petition Pursuant to Rule 7 filed October 5, 2022.  (Doc. Nos. 15-16).  This matter was transferred from the Southern District of California on July 20, 2022. (Doc. No. 10).  Prior to the transfer, Petitioner filed an Amended Petition on July 27, 2022. (Doc. No. 3, "Amended Petition").

    The Federal Rules of Civil Procedure are to be applied to habeas proceedings, to the extent that they are not inconsistent with the habeas statutory provisions and habeas rules. *Rules Governing Section 2254 Cases in the United States District Court,* R.12.  Consequently, pursuant to Rule 15(a), petitioner may amend his petition "once as a matter of course."  Fed. R. Civ. P.

15(a)(1)(B). Petitioner already amended his operative pleading once as a matter of course when he filed the Amended Petition more than two months after his initial Petition was filed. (*See* Doc. Nos. 1, 3). Thus, Petitioner must obtain leave from the Court or the opposing party's written consent before filing another amended petition. Fed. R. Civ. P. 15(a)(2). Because Petitioner failed to obtain leave from the Court or obtain consent from Respondent, the Court will order Petitioner's lodged [Second] Amended Petition (Doc. No. 15) stricken from the record.

Nonetheless, the Supreme Court has instructed federal courts to liberally construe the "inartful pleading[s]" of pro se litigants. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982). The Court construes the "motion to augment" as a motion seeking leave to file a second amended petition. The Court the Court has not yet screened the operative Amended Petition nor directed the respondent to respond to it. Considering Petitioner's pro se status, the Court will allow Petitioner to file a second amended petition pursuant to Fed. R. Civ. P. 15(a)(2).

Should Petitioner file a second amended petition, he is also advised that the second amended petition will supersede the Amended Petition and become the operative pleading. *See Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (en banc). Petitioner should use the enclosed form and title the pleading "Second Amended Petition." The Second Amended Petition must be free-standing, *i.e*. it must be <u>complete</u> without reference to the prior petition or any superseded pleading, and must include <u>all</u> grounds for relief and supporting facts. *See also* Local Rule 220. The Court does not accept piecemeal pleadings.

Accordingly, it is **ORDERED**:

1. The Clerk of Court shall STRIKE Petitioner's lodged [Second] Amended Petition (Doc. No. 15) from the record.

2. Petitioner's "Motion to Augment" (Doc. No. 16) construed as a motion to amend under Fed. R. Civ. P. (a)(2) is GRANTED.[1]

---

[1] The court's acceptance of the filing of the amended petition, however, should not be implied as a waiver of Fed. R. Civ. P. 15(c) or of the one-year federal statute of limitations set forth in 28 U.S.C. § 2244(d), to the extent appliable.

3. Petitioner shall file his free-standing Second Amended Petition within thirty (30) days from the date of service of this Order.

4. The Clerk of Court shall provide Petitioner with a habeas corpus § 2254 form with this Order for Petitioner's use in preparing his Second Amended Petition.

Dated:   October 7, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE