UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES DEVON GARRETT, | Case No. 1:22-cv-00899-JLT-HBK (HC) |
| Petitioner, | |
| v. | ORDER FINDING RESPONDENT'S MOTION TO DISMISS MOOT |
| SEAN MOORE, | (Doc. No. 34) |
| Respondent. | ORDER FINDING PETITIONER'S MOTION TO AUGMENT MOOT |
| | (Doc. No. 22) |
| | ORDER GRANTING PETIONER LEAVE TO FILE THIRD AMENDED PETITION |

Petitioner Charles Devon Garrett, a state prisoner proceeding pro se, has pending a Second Amended Petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 24). On February 6, 2023, Respondent filed a motion to dismiss the Second Amended Petition because it includes unexhausted claims and because some of the claims do not raise cognizable federal questions. (Doc. No. 34). Respondent identified 25 sub-claims, contained within 6 grounds for relief, that are unexhausted. (*Id*. at 3-6). Respondent also argues that the Fourth Amendment search and seizure claims, and "what appears to be claims that the state appellate and state supreme court improperly denied Petitioner's habeas corpus petitions," should be dismissed

because they are not cognizable on federal habeas. (*Id*. at 7-8). On February 24, 2023, Petitioner filed an opposition to the Motion to Dismiss, and on March 2, 2023 Respondent filed a reply. (Doc. Nos. 36, 38). Thereafter, on March 8, 2023, Petitioner then filed a "supplemental to opposition motion to dismiss," signed under penalty of perjury, in which Petitioner indicates he will delete all of his claims except (1) judicial bias and (2) ineffective assistance of counsel because he "failed to subject the prosecutions [sic] case to meaningful adversarial testing" by "failure to objects." (Doc. No. 39 at 2-3). Thus, the Court construes this pleading as a Notice of voluntary dismissal under Rule 41(a)(1)(A)(i) to dismiss certain claims.

The Federal Rules of Civil Procedure may be applied to habeas proceedings to the extent such rules are not inconsistent with the statutory provisions of the Habeas Rules. Rules Governing Section 2254 Cases in the United States District Court, Rule 12. *See also*, Fed. R. Civ. P. 81(a)(4). Pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, "the plaintiff may dismiss an action without a court order by filing ... a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Voluntary dismissal under this rule requires no action on the part of the court and divests the court of jurisdiction upon the filing of the notice of voluntary dismissal. *See United States v. 475 Martin Lane*, 545 F.3d 1134, 1145 (9th Cir. 2008) (voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) is self-executing and requires no further action by court). Rule 41(a)(1) has been found to apply in the habeas context where the respondent had not yet filed an answer to the petition. *See Bhamani v. Apker*, 2018 WL 684896, at *1 (E.D. Cal. Feb. 1, 2018) ("Rule 41(a)(1) has been found to apply in the habeas context where the respondent had not yet filed an answer to the petition." (collecting cases)).

In this case, Respondent has not served either an answer or a motion for summary judgment. Thus, Petitioner's notice of dismissal of claims is effective upon its filing and without a court order pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). In his notice of dismissal, Petitioner appears to identify two claims that were "fairly presented in the state court's [sic] and exhaustion is satisfied" and therefore will not be dismissed: (1) judicial bias, and (2) ineffective assistance of counsel. (Doc. No. 39 at 2-3). That said, Petitioner's Second Amended

Petition is more than 400 pages long with exhibits, and is not submitted on the approved form. (*See generally* Doc. No. 24). Therefore, it lacks critical information that would allow the court to discern the specific grounds for relief that Petitioner wishes to proceed on, and the facts in support of each of these two grounds. Rule 2(d) requires that a petition "substantially follow either the form appended to [the] rules or a form prescribed by a local district-court rule." The Court finds the use of the approved form to be more efficient.

Therefore, the Court will permit Petitioner to file a Third Amended Petition in order for Petitioner to specifically articulate his two grounds for relief, <u>and the specific facts in support of these grounds</u>. Petitioner must use the approved form and should caption his pleading, "Third Amended Petition," and include the instant case number. The Third Amended Petition must be free-standing, *i.e.* it must be <u>complete</u> without reference to the prior petition or any superseded pleading, and must include <u>all</u> grounds for relief and supporting facts. *See also* Local Rule 220. The Court does not accept piecemeal pleadings. The Third Amended Petition must not be more than twenty-five (25) pages and must not attach exhibits. Instead, Petitioner may refer to the exhibits submitted by Respondent, which constitutes the state court record.

////

////

Accordingly, it is **ORDERED:**

1. The Court takes judicial notice of Petitioner's notice of dismissal of claims pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).
2. Petitioner is GRANTED leave to file a Third Amended Petition on or before **April 21, 2023**.
3. Respondent's Motion to Dismiss (Doc. No. 34) is rendered **MOOT**.
4. Petitioner's Motion to Augment (Doc. No. 7) is rendered **MOOT** in light of the filing of the Second Amended Petition.
5. The Clerk of Court shall provide Petitioner with a habeas corpus § 2254 form with this Order for Petitioner's use in preparing his Third Amended Petition.
6. The Clerk of Court is directed to correct the spelling of the Respondent's first name. As

noted by Respondent, the correct spelling of the Warden of Centinela State Prison is Sean Moore.

Dated: March 24, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4