AO 241  (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District | EASTERN | |
|---|---|---|---|
| Name  Charles Devon Garrett | Prisoner No.  BJ9946 | | Case No.  1:22-cv-00899 (JLT)(HBK |

Place of Confinement

California Men's Colony State Prison
P.O.Box8101 cell#2236
San Luis Obispo,Ca 93409

Name of Petitioner (include name under which convicted)    Name of Respondent (authorized person having custody of petitioner)

**FILED**

CHARLES DEVON GARRETT        V.    DANIEL SAMUEL

The Attorney General of the State of:

California

APR 10 2023

THIRD AMENDED        PETITION        BY _____

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
_____ DEPUTY CLERK

1.   Name and location of court which entered the judgment of conviction under attack _____

FRESNO COUNTY SUPERIOR COURT 1100 VAN NESS AVE FRESNO,CA 93724

2.   Date of judgment of conviction  July 26,2019

3.   Length of sentence  29years

4.   Nature of offense involved (all counts)  Attempted Murder PC 664/187; Assault with

a semiautomatic PC245(b); Discharging a firearm PC246.3(a);

Possession of a firearm by a felon PC29800(a)(1); additional gun

enhancements PC 12022.53(c); PC 12022.5(a)

5.   What was your plea?  (Check one)
     (a)  Not guilty                [X]
     (b)  Guilty                    [ ]
     (c)  Nolo contendere           [ ]
     If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

_____

_____

6.   If you pleaded not guilty, what kind of trial did you have?  (Check one)
     (a)  Jury                      [X]
     (b)  Judge only                [ ]

**RECEIVED**

7.   Did you testify at the trial?
     Yes  [X]    No  [ ]

APR 10 2023

8.   Did you appeal from the judgment of conviction?
     Yes  [X]    No  [ ]

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

(2)

AO 241   (Rev. 5/85)

9.  If you did appeal, answer the following:

(a) Name of court **Fifth District Court of Appeal**

(b) Result **Conviction Affirmed**

(c) Date of result and citation, if known   **June 14, 2021**

(d) Grounds raised **Prosecutorial Misconduct; Ineffective Assistance of counsel; Erroneous Jury instruction**

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court _____

(2) Result _____ **N/A** _____

_____

(3) Date of result and citation, if known _____

(4) Grounds raised _____

_____

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1) Name of court _____ **N/A** _____

(2) Result _____

_____

(3) Date of result and citation, if known _____

(4) Grounds raised _____

_____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☒    No ☐

11.  If your answer to 10 was "yes," give the following information:

(a) (1) Name of court **Fresno County Superior Court**

(2) Nature of proceeding **Habeas Corpus**

_____

(3) Grounds raised **Prosecutorial Misconduct; IAC;court clerk deprived Petitioner procedural due process;IAC appellate counsel**

AO 243 (Rev. 5/85)

_____
_____
_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
    Yes ☐    No ☒

(5) Result _____ **pending** Haven't recieved a case number yet.

(6) Date of result _____

(b) As to any second petition, application or motion give the same information:

(1) Name of court **Fifth District Court of Appeal**

(2) Name of proceeding **Writ of Error Coram Vobis**

(3) Grounds raised **Trial judge lacked Jurisdiction**

_____
_____
_____
_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
    Yes ☐    No ☒

(5) Result _____ **pending** _____

(6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
    (1) First petition, etc.    Yes ☐    No ☒
    (2) Second petition, etc.    Yes ☐    No ☒

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____ **N/A** _____
_____
_____

12. State *concisely* every ground on which you claim that you are being held unlawfully.  Summarize *briefly* the *facts* supporting each ground.  If necessary, you may attach pages stating additional grounds and *facts* supporting same.
    CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court.  If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

(4)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: DENIAL OF A FAIR IMPARTIAL TRIAL BEFORE A FAIR IMPARTIAL AND DISINTERESTED JUDGE JUDICIAL BIAS

Supporting FACTS (state *briefly* without citing cases or law): SEE ATTACHED

B. Ground two:

Supporting FACTS (state *briefly* without citing cases or law):

(5)

C.   Ground three: _____ N/A _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

D.   Ground four: _____ N/A _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

13.   If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

n/a

_____

_____

14.   Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes  ☒    No  ☐

15.   Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a)  At preliminary hearing   MARK ASAMI CIUMMO AND ASSOCIATES

2014 TULARE STREET, SUITE 300 FRESNO, CA 93721

(b)  At arraignment and plea   MARK ASAMI _____

_____

(c) At trial    <u>MARK ASAMI</u>

(d) At sentencing    <u>MARK ASAMI</u>

(e) On appeal    <u>ATHENA SHUDDE ATTORNEY AT LAW</u>

<u>3755 AVOCADO BLVD., SUITE#156 LA MESA, CA 91941</u>

(f) In any post-conviction proceeding    <u>N/A</u>

(g) On appeal from any adverse ruling in a post-conviction proceeding    <u>N/A</u>

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☒    No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐    No ☒
(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) Give date and length of the above sentence: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐    No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

<u>4/6/2023</u>
Date

_____
Signature of Petitioner

(7)

Charles Devon Garrett CDC#BJ9946
California Men's Colony
P.O.Box 8101 cell#2236
San Luis Obispo, Ca 93409
Petitioner in Pro se

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES DEVON GARRETT,                    1:22-cv-00899-JLT-HBK

            Petitioner,                   PETITION FOR WRIT OF

                                          HABEAS CORPUS

V.


DANIEL SAMUEL,

            Respondent.


THIRD AMENDED PETITION
UNDER 28 U.S.C.§2254
FOR WRIT OF HABEAS CORPUS
After decision in California Supreme Court
On Habeas Corpus, Challenging Judgement From
The Superior Court County Of Fresno
Judge Jane Cardoza Case No. F18903146/F17901972

## TOPICAL INDEX

|                                            | PAGE |
|--------------------------------------------|------|
| STATEMENT OF THE CASE                      | 1    |
| STATEMENT OF RELEVANT FACTS                | 2    |
| PROCEDURAL HISTORY                         | 8    |
| ARGUEMENT                                  | 14   |
| MEMORANDUM POINTS AND AUTHORITIES          | 19   |
| CONCLUSIONS OF LAW                         | 23   |
| PRAYER FOR RELIEF                          | 24   |
| DECLARATION OF CHARLES DEVON GARRETT       |      |
| PROOF OF SERVICE                           |      |
| FORM ATTACHED(HABEAS CORPUS)               |      |

### JURISDICTION IS INVOKED PURSUANT TO:

28 U.S.C §2254 (a)

28 U.S.C §2254 (d)(1)

28 U.S.C. §2254 (d)(2)

### FEDERAL PROVISIONS

FOURTEENTH AMENDMENT

FIFTH AMENDMENT

## STATEMENT OF THE CASE

PETITIONER WAS DEPRIVED OF HIS FOURTEENTH AMENDMENT EQUAL
PROTECTION AND DUE PROCESS CLAUSES OF THE UNITED STATES
CONSTITUTION, WHICH RESULTED IN PETITIONER'S ILLEGAL RESTRAINT
OF HIS LIFE, AND LIBERTY IN VIOLATION OF THE FIFTH AND
FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION TO WIT:
"NO PERSON SHALL BE DEPRIVED OF LIFE, LIBERTY, OR PROPERTY,
WITHOUT DUE PROCESS OF LAW; NOR DENY TO ANY PERSON WITHIN IT'S
JURISDICTION THE EQUAL PROTECTION OF THE LAWS."THE TOTALITY OF
THE UNDERLYING CLAIM  PRESENTS A FUNDAMENTAL MISCARRIAGE OF
JUSTICE.

1

I.
STATEMENT OF RELEVANT FACTS

1.    On March 27, 2018, there was a reported shooting that took
place at 949 N. Parkway drive at the Sierra Inn hotel in Fresno
California. On March 29,2018, Petitioner was arrested and taken
into custody for allegedly possessing a loaded firearm, at the
Legacy Commons Apartment complex 2255 S.Plumas southwest Fresno
California. While Petitioner was incarcerted at the Fresno County
Jail awaiting trial for the firearm charge, Detective John Mendes
and Brandon Brown were conducting an investigation on the
reported shooting that occured on the night of March 27,2018, at
the Sierra Inn hotel located at 949 N.Parkway drive. The detect-
ives investigation started towards the end of April 2018.
2.    Detective John Mendes (whom was the lead detective),read
police reports in regards to the reported shooting March 27,2018.
John Mendes was also in possession of "the video footage that
was recovered from the Sierra Inn hotel on the night of the
shooting", in reviewing the video footage, John Mendes took note
that "the alleged victim was gone upon police arrival and was
unidentified". John Mendes also learned that the responding
officers located a 9mm spent shell casing at the scene. As John
Mendes reviewed the video footage, he noticed a grey "charger
enter the hotel parking lot prior to the shooting, once the
charger exited the parking lot and drove off on Parkway dr. The
suspect was then seen walking up to the alleged victim, then
brandished a firearm in which the muzzle flash appeared from
the handgun." John Mendes also took note that the alleged victim
"walks away, and did not appear to be struck by gunfire", John

2

Mendes also took note of the suspect clothing, which was a "black shirt with white lettering".

3.  John Mendes also reviewed the responding officers police reports, which John Mendes read a "witness reported statement". The sated that the "suspect was saying something about a stolen Cadillac ", John Mendes also learned that the "suspect was identified as a black      male, in his 30's,bald, with facial hair and a goatee." Based on this information, John Mendes began to research "stolen Cadillac's that were reported stolen on the day of the shooting". John Mendes discovered that a female by the name of Felicia Edwards had reported a "tan Cadillac stolen on the night of the shooting", John Mendes  discovered that Ms. Edwards number was associated with Petitioner (Charles Garrett).

4.  John Mendes discovered that "Petitioner was in custody booked in the Fresno County Jail on firearm related charges." John Mendes conducts a further investigation related to the firearm Petitioner was accused of possessing the night he was arrested, and learned that the gun was a "380.Cal Ruger that had been reported stolen along with 2 other guns (9mm Ruger, and 40.Cal Tauras), these firearms were taken from a GMC Denali truck" John Mendes then contacted the eyewitness whom had made statements to responding officers the night the shooting occured, loaded with a "six pack photo line up, with Petitioner amongst the six photo's", the eyewitness whom identified himself as Vince Movesian, stated "he cannot be 100 percent sure but he believe's that Petitioner is the shooting suspect".

5.  John Mendes then follows Ms.Edwards, whom happens to own a "grey charger", John Mendes learned that Ms.Edwards residence

was located at 5296 W.Holland Ave, Fresno California. John Mendes
took notice that "the GMC Denali truck that contained the stolen
guns " was found "less than a mile from Ms.Edwards address".
Loaded with this information, John Mendes also took note that
"the 9mm Ruger and 40.cal tauras handguns were still missing",
and sense Petitioner was in custody for allegedly possessing
the stolen 380.Cal Ruger,Petitioner became a "Prime suspect"
in the " theft of the GMC Denali truck and stolen handguns".
John Mendes also took note that "the 9mm shell casing seats the
same caliber 9mm Ruger that was still missing" at the time of
John Mendes investigation.

6.  Loaded with the information gathered from John Mendes inves-
tigation, he applies for a search warrant to search Ms.Edwards
vehicle and the 5296 W.Holland ave address. On or about May 2,
2018, Judge Jane Cardoza administered the execution of the search
and seizure, which contained the entire investigation John Mendes
conducted, and also labeled Petitioner (Charles Garrett) as the
"Prime suspect" in which his name was also referenced in John
Mendes search warrant application.

7.  On May 7,2018, Ms.Edwards vehicle and residence was searched,
and Ms.Edwards was taken to Fresno police headquarters for ques-
tioning. Petitioner was later called to the Fresno Police depart-
ment, while he was still "in custody awaiting trial for the gun
possession charge". Petitioner initially waived his right to
counsel prior to speaking with detective John Mendes and Brandon
Brown. Petitioner was questioned about the shooting that took
place March 27,2018,and denied being the shooter. Petitioner
eventually terminated the interview with detectives and returned

back to the Fresno County Jail where he was currently being
housed.

8.    The evidence that was recovered from the search warrant
consisted of: Ammunition, miscellaneous mail, a black T-shirt
that read "Courtesy of the Mac" in white lettering,and a pair
of khaki shorts. Officers recovered a 9mm FN firearm from
Felicia Edwards vehicle, and a extra magizine. Petitioner was
charged with additional charges while he was awaiting trial for
the gun possession charge. Petitioner was arraigned on May 14,
2018, on the following charges: Assault with a firearm PC245(b);
discharging a firearm PC246.3(a);Possession of a firearm by felon
PC 29800(a)(1), it was further alleged that Petitioner personally
used a gun PC12022.5(a), and the crimes charged were committed
for the benefit of a street gang 186.22.

9.    Petitioner was acquitted for the gun charge he was arrested
for, by a jury of his peers on August 18,2018. Petitioner went to
Preliminary hearing on August 23, 2018, and was represented by
Mark Asami. Petitioner was then held to answer on the charges
referenced above, however, District Attorney added an additional
charge of Attempted Murder on September 10, 2018. On February 19,
2019, Petitioner went to trial and was assigned to Judge Skiles
but Mark Asami filed a disqualification motion pursuant to
California Civil Procedure §170.6, the motion was granted and
Petitioner was then assigned to department 52 before Judge
Cardoza.

10.    Upon arrival Judge Cardoza made a disclosure consistent
with Judicial Conduct Canons that "her son is a District Attorney
employed with the Fresno District Attorney's office". However,

Judge Cardoza did not disclose the California Civil Procedure §
170.1(a)(8)(A)(i) formulation as required commentary to the
California Judicial Conduct Canons 6D(5)(a). John Mendes was
also presentthroughout the duration of the trial proceeding.
And the evidence recovered from the search warrant Judge Cardoza
administered, was used against Petitioner during the course of
the trial proceeding.On or about February 26,2019, District
Attorney Daniel Walters filed a in liminae motion, requesting
the court to "admit a jailhouse kite" that was recovered from
Petitioner's "Jail cell", as additional evidence on behalf of
the states case in chief. Mark Asami filed a prosecutorial
misconduct motion, in response to the states in liminae motion,
however, Judge Cardoza granted Mr.Walters in liminae motion and
denied Mark Asami's prosecutorial misconduct motion.

11.    Petitioner was found guilty March 5, 2019, of all counts.
March 6,2019, Petitioner began the gang enhancement trial, during
pre trial motions, Mr.Walters filed another in liminae motion.
This request, was for the purpose of "strengthening the gang
enhancement charge", which requested that "Petitioner be ordered
to remove his dress out clothing" so that gang detectives can
take pictures of "Petitioner's undressed body in search of gang
tatto's" that the state "thinks will appear on Petitioner's body"
Petitioner made a verbal objection, by stating "nobody is going
to touch me". Judge Cardoza then stated "the court will allow,
and the court has granted the Prosecutions  motion. In order for
that to take place, the law enforcement is authorized to use
reasonable force to conduct it's inspection".

12. Petitioner was then escorted to the Fresno County Jail and was told to "strip out", however, Petitioner refused and positioned himself in a defensive position, but Petitioner was not harmed as a result of the stand off.The gang enhancement resulted in a hung jury and Judge Cardoza declared a mistrial March 12,2019. On June 10, 2019, Petitioner arrived in Judge Cardoza's courtroom for his new trial motion proceeding. Petitioner had a typed out written letter identifying several reasons "why he should have new counsel to draft an effect new trial motion". Judge Cardoza construed Petitioner's typed letter as if he requested to represent himself in Pro per in the filing of a new trial motion. Judge Cardoza denied Petitioner his request for new counsel. Then proceeded to address the issues that were prescribed in the typed letter.

13. The way Petitioner crafted the typed letter, related to events that involved Judge Cardoza's own conduct. Judge Cardoza was able to revisit the investigative process, in which she was placed back into her previous position "acting as Magistrate" Judge Cardoza then denied Petitioner's new trial motion. On July 26,2019, Judge Cardoza sentenced Petitioner to the maximum of 29 years. It later became known that Judge Cardoza changed the "Penal code numbers on Petitioner's Abstract of judgedent form", Petitioner's Assault with a firearm Penal code number was changed from 245(b) to "186.22" this added an additional 6 points to Petitioner's prison points which secured him to a level 4 maximum state prison facility. Judge Cardoza was in control of her own case.

## II.
## PROCEDURAL HISTORY

1. Petitioner filed several habeas corpus petitions in the fresno
county Superior court, which he challenged the conviction and
sentence of the underlying case. Petitioner's core claim was
that " he was denied a fair impartial trial before a fair
impartial and disinterested judge", every single habeas petition
alleged that"Judge Cardoza was disqualified to preside over
Petitioner's underlying case", therefore, Petitioner titled the
claim argueing "Judicial Bias".

2.  Petitioner's state habeas corpus petitions were all denied in
the Superior Court County of Fresno. Petitioner then filed two
seperate disqualification motions directly in the trial court,
Petitioner referenced the Superior Court case numbers that were
a part of the abstract of judgement form. The Fresno County
Superior Court did not respond to any of Petitioner's disqual-
ification motions that were rendered via affidavit under penalty
of perjury.

3.  Petitioner filed a state habeas petition in which he labeled
a "Writ of Mandate", Petitioner attached the disqualification
motions as exhibits. Petitioner requested the Fifth District
Court of Appeal to "Disqualify Judge Cardoza pursuant to the
California Civil Procedure §170.3". Petitioner also titled a
"Statement of Disqualification" segment in the habeas petition,
Petitioner allegations in this particular segment, demonstrated
that Judge Cardoza was disqualified pursuant to the United States
Supreme Court Precedents.

4.  Petitioner rendered the following statement; "Under the

8

United States Constitution of the Fourteenth Amendment, Due
Process affords Petitioner to a proceeding in which he may
present his case with assurance that the arbiter is predis-
posed to find against him see Marshal v. Jerrico Inc.,446, U.S.
238,64 L.Ed 2d 182, 100 S.Ct.1610(1980)". Petitioner further
rendered the following statement; " When a state deprives a
person of liberty or property through a hearing held under
statutes and circumstances which necessarily interfere with
the course of justice, it deprives him of liberty or property
without due process of law"see Tumey v. Ohio, 273 U.S. at 523,
532, 47 S.Ct. 437 (1927).

5.  Petitioner later amended the habeas petition (which he
thought meant "add on"). The amended motion contained four
habeas petitions that were all denied by the Fresno County
Superior Court, Petitioner also attached the courts rulings to
each petition that was denied(except for one particular habeas
petition that was denied and Petitioner never recieved the denial
order). Petitioner rendered the arguement that the Superior Court
" deviated from United States Supreme Court Precedents" when the
court addressed his "Judicial Bias" claim. Petitioner alleged
that the Fresno County Superior Court's rulings were "clearly
erroneous and objectively unreasonable, which stemmed from an
unreasonable determination of the facts in light of the search
warrant Petitioner has presented in all of his previous denied
habeas petitions".

6.    The Fifth District Court of Appeal denied Petitioner's
habeas corpus along with the subsequent amendments and motions
on April 6,2022. Petitioner filed a timely Petition For Review

in the California Supreme Court on April 15,2022. The Fifth
District Court of Appeal transmitted the full record of the
documents Petitioner filed in the Fifth District Court of Appeal
to the California Supreme Court as required pursuant to
California Rules of Court 8.512(a). The way Petitioner crafted
the Petition For Review, conformed with the California Rules of
Court 8.500(b);8.504(1). Petitioner advanced the "Judicial Bias"
claim under Equal Protection of the laws and Due Process of law
which both Clauses are vested in the Fourteenth Amendment United
States Constitution.

7.   Petitioner fashioned the Petition For Review by asking
"important questions of Federal law" see Petition For Review
page 6 California Rules of Court 8.500(b). Petitioner also
alerted the California Supreme Court that, " Review is also
necessary to exhaust Petitioner's Federal claims through state
court remedies" see Petition For Review page 2 lines 14-15
California Rules of Court 8.508(a);8.508 (b)(3). Petitioner must
also note, he served a copy of the Petition For Review on the
Fifth District Court of Appeal, Fresno County Superior Court,
Attorney General, and the District Attorney's Office, complying
with the California Rules of Court 8.508(c).

8.   The California Supreme Court had inherent powers to grant
review of Petitioner's Petition For Review, or at the very
minimum, provide Petitioner a mechanism where he could be heard
in the court of appeal pursuant to California Constitution
Article VI§12; California Rules of Court 8.528. Petitioner's
Petition For Review is prima facie showing of a deprivation of
Federal and Statutory rights that was not afforded to Petitioner,

when the state "seeked to deprive him of his life, and liberty",
thus, Petitioner was deprived of Equal Protection and Due Process
Clauses under the Fourteenth Amendment to the United States
Constitution. And because Petitioner is not an attorney employed
by the Attorney General's Office, and he isn't a celbrity that is
represented by a lawyer i.e. People v. Freeman,47 Cal.4th 993,222
3d 177,103 Cal.Rptr.3d 723(2010); Jolie v. Superior Court of Los
Angeles County case No.B308958, he was denied relief in the
California Supreme Court, and the Fifth District Court of Appeal.
9.  Petitioner was denied Equal Justice during the remedial
posture, in which the California Supreme Court is supposed to
"administer justice", once the court recognizes Fundamental
irregularities. In any event, Petitioner characterized his
"Judicial Bias" claim by rendering the following contention;
"UNITED STATES CONSTITUTION 14TH AMENDMENT EQUAL PROTECTION
VIOLATION DUE TO PETITIONER BEING DENIED HIS DUE PROCESS RIGHT
TO A FAIR IMPARTIAL JUDGE" see Petition For Review topical index.
Petitioner has proven his claim by citing Statutory law, and
Federal law. Petitioner further stated on page2 lines 3-7 "The
Petition For Review that arrives to this Honorable Court proves
that the judgement was rendered by a legally Disqualified Judge,
that deems Petitioner's conviction unlawful according to
California law".
10.   Petitioner contends that the "Judicial Bias" claim that
was presented in the Petition For Review, is not a "brand new"
argument, in fact, its just a concised argument that Petitioner
raised in one of his "many habeas petitions", that were also

transmitted to the California Supreme Court as mentioned above.
Thus, Petitioner's core arguement with regard to the "Judicial
Bias" claim is in harmony with Petitioner's contention that is
titled in the Topical Index, which also relates to each habeas
petition, Petitioner has filed in the state courts. Thus,
Petitioner has fairly presented the "Judicial Bias" claim to the
highest court and the California Supreme Court has had ample
opportunity to decide the substance of the "Judicial Bias" claim
presented in the Petition For Review see Picard v. Conner,404,
U.S.270,276,30 L.Ed. 2d 438,444,92 S.Ct. 509(1971).

11.   By contrast, Petitioner has asserted, "he is illegally
restrained of his personal liberty" see Petition For Review
page2 lines 8-9, this assertion triggers a "liberty interest
protected by the Federal Due Process Clause" warranting Federal
habeas corpus relief see Carter v. Kentucky, 450 U.S. 288, 67 L.
Ed. 2d 241, 101 S.Ct. 1112 (1981); Hicks v. Oklahoma,447 U.S.
343, 65 L.Ed. 2d 175, 100 SCt. 2227 (1980). Petitioner has
exhausted his Judicial Bias claim, and he followed the California
Rules of Court by doing so, thus, Petitioner "did not make the
rules, all he did was follow them", which will give the
Respondent guidance on how the Petition For Review was presented,
if the Respondent would just read the California Rules of Court,
Federal provisions Petitioner asserted in the Petition For Review
and the rest of the previous denied petitions that were
transmitted to the California Supreme Court (Petitioner has
copies of those habeas petitions as well).

12.   Petitioner contends, he was deprived of the Equal Protection

12

and Due Process Clauses of the United States Constitution, and
he is currently illegally restrained of his life, and liberty as
a result. And the state courts failure to find a Due Process
violation on the basis of "Judge Cardoza's unconstitutional
failure to recuse in favor of an impartial and disinterested
judge" as applied to the Fourteenth Amendment Due Process Clause
to the United States Constitution, constituted an objectively
unreasonable application of clearly established Federal law, as
guided by Supreme Court Precedents, which collectively, derived
from an unreasonable determination of the facts in light of the
search warrant Judge Cardoza administered, and was also presented
in every single petition Petitioner has filed in the state courts
and was also presented in the Petition For Review that Petitioner
filed in the California Supreme Court.

# III.
## ARGUEMENT

13.    Petitioner contends, that he was deprived of Equal
Protection of the laws and Due Process of law as he was denied
his Constitutional right to a "fair impartial trial before a
fair impartial and disinterested judge", due to Judge Cardoza's
unconstitutional failure to recuse herself from Petitioner's
trial proceeding, on the basis of "her (Judge Cardoza) partic-
ipation during the accusatory process of Petitioner's underlying
case was of critical import that require's recusal". Petitioner
further contends, Judicial Bias was committed when Judge Cardoza
failed to recuse herself in favor of an impartial and
disinterested judge.

14.    Judge Cardoza had a ethical responsibility to recuse
herself from Petitioner's underlying case commentary to
California Judicial Conduct Canons 3C (which have been revised
since 2018). Judge Cardoza's failure to disclose and recuse,
based on her previous participation in the accusatory process
within the meaning of California Civil Procedure §170.1(a)(8)(A)
(i) formulation, inherently deprived Petitioner of Equal
Protection of the laws and Due Process of law as he was denied
his Constitutional right to a "fair impartial trial before a
fair impartial and disinterested judge" as applied to the United
States Constitution Fourteenth Amendment Due Process and Equal
Protection Clauses.

15.    The combination of Judge Cardoza's "failure to disclose and
unconstitutional failure to recuse" materially and Prejudicially
affected Petitioner, because Judge Cardoza was permitted to

14

become a judge of her (Judge Cardoza) own case. Judge Cardoza
was "disqualified" by her interest in Petitioner's underlying
case. Petitioner basis his Judicial Bias claim soley on the
mere facts that was presented in the Petition For Review and
all of his state habeas petitions which proves that Petitioner
was unconstitutionally denied the latter Due Process of law,
in which Petitioner relied on United States Supreme Court
Precedents as a fundamental demonstration of how a Due Process
violation was committed. Thus, Petitioner does not have to
"exhaust any of his specific allegations rendered in the Petition
For Review" in order to prove his Judicial Bias claim, the only
contention that needs "exhaustion" is the assertion of "Judge
Cardoza was disqualified to preside over Petitioner's underlying
trial proceeding", Petitioner points the search warrant Judge
Cardoza administered and the applicable law to prove his claim.
16.  By contrast, Petitioner does not rely on any "specific
allegations" in order to prove Judicial Bias, Petitioner does
not base his Judicial Bias claim "trying to puzzle up" a
persuasive argument trying to prove that his Due Process rights
were violated. Petitioner's Equal Protection and Due Process
rights were violated when "Judge Cardoza failed to recuse from
his underlying case", and the adverse rulings that flowed after
that, were rendered by a "biased judge" whom participated in the
"accusatory process" of Petitioner's underlying case. Thus, Judge
Cardoza was not a neutral, impartial, and disinterested judge and
the facts Petitioner presented in the Petition For Review, and
all of his state habeas petitions, proves his contentions.
17.  However, this does not mean Petitioner forfiets his asser-

15

tions rendered in the Petition For Review or any of his state
habeas petitions, Petitioner is just trying to explain that "he
is'nt relying on specific allegations to prove his Judicial
Bias claim" Petitioner relies on the "factual showing of Judge
Cardoza's unconstitutional failure to recuse deprived him of
Equal Protection and Due Process of the laws".Petitioner adopts
the language in Murchison "a judge cannot be a judge of his/her
own case". Petitioner can "go on and on" about how "Judge Cardoza
exhibited bias through her adverse rulings throughout the
duration of the trial proceedings", but that's what "happens
when a judge presides over his/her own case".  The most crucial
adverse ruling was committed when Petitioner requested for new
counsel to file a new trial motion,this critical denial "kept
a fresh pair of eye's, away from Petitioner's underlying case",
taking away "all hope, of new counsel potentially finding out
the fact that Judge Cardoza was sitting as a legally disqualif-
ied judge".

18.   First Judge Cardoza was apart of the accusatory process
in which she was acting as Magistrate evaluating evidence in the
form of an affidavit, which Petitioner (Charles Garrett) was the
"Prime Suspect", then rendered probable cause as a result of her
analysis, then 9months and 17days later, Judge Cardoza became
the 13th Juror of the "same case she helped put together", in
which Petitioner (Charles Garrett) was then "the accused". Judge
Cardoza was then able to evaluate the evidence that was recovered
from the investigation that "she was initially apart of", then
anaylized "whether any wrong was in fact committed by Petitioner"
then was able to revisit the investigative process during the

new trial motion proceeding, and then had the enjoyment of "dec-
iding Petitioner's fate" during the sentencing phase of Petit-
ioner's underlying case, in which he was sentenced to the max-
imum sentence of 29 years. These set of facts alone, demonstrate
a fundamental deprivation of the latter Due Process of law in
Petitioner's underlying case.

19. The underlying facts prescribed, demonstrates that Judge
Cardoza's "own personal knowledge and impression" of Petitioner's
underlying case, that was acquired through her role in the accu-
satory process, demonstrates that Judge Cardoza already decided
that "Petitioner was guilty, before the trial even started".
Thus, Petitioner rests his Judicial Bias claim soley on the
bases of "Judge Cardoza's prior relationship with Petitioner was
of critical import that required recusal, and Judge Cardoza's
unconstitutional failure to recuse in favor of an impartial
and disinterested judge, is a prima facie fact that overcomes
the presumption of honesty and integrity of Judge Cardoza being
impartial presiding over Petitioner's underlying trial proceed-
ing."

20.  Petitioner has proven "he was denied his Due Process right
to a fair impartial judge" in the Petition For Review, and he
has identified his Judicial Bias claim soley on the bases of
"Judge Cardoza failure to disclose and recuse denied Petitioner
Procedural and Substantive Due Process of law" see Petition
For Review page 22 lines 1-12. Thus, Petitioner is not required
to "exhaust specific allegations" unless Petitioner is relying
on "circumstantial evidence" such as "a judge's adverse rulings"
to prove his "Judicial Bias claim". Thus, Petitioner's Judicial

Bias claim was committed when Judge Cardoza failed to recuse herself from Petitioner's underlying case.

21.  The state courts has turned "a blind eye" to Petitioner's Statutory rights that proved Judge Cardoza was legally disqualified to preside over Petitioner's underlying case, this brand of posture clearly denied Petitioner Equal Protection of the laws that is vested in the Fourteenth Amendment United States Constitution. Petitioner arrives to this honorable court requesting the court to disqualify Judge Cardoza based on Due Process principles, the underlying facts that were presented in the Petition For Review is prima facie showing of a Due Process violation, as Judge Cardoza was apart of the accusatory process then became presiding judge of her own case. This posture must be forbidden "if the guarantee of Due Process is to be adequately implemented".

MEMORANDUM POINTS AND AUTHORITIES

Clearly established Federal law, as determined by the Supreme
Court of the United States, 28 U.S.C. §2254(d)(1), recognizes
not only actual bias, but also the appearance of bias, as
grounds for disqualification:

"A fair trial in a fair tribunal is a basic requirement of due
process. Fairness of course requires an absence of actual bias
in the trial of cases. But our system has endeavored to prevent
even the probability of unfairness. To this end no man is permi-
tted to try cases where he has an interest in the outcome. That
interest cannot be defined with precision. Circumstances and
relationships must be considered." The United States Supreme
Court has said, however, that "Every procedure which would offer
a possible temptation to the average man as a judge...not to hold
the balance nice, clear, and true between the State and the accu-
sed denies the latter due process of law" quoting Tumey and
Murchison see In re Murchison,349 U.S. 133,136,99 L.Ed.942,75
S.Ct.623 (1955); Tumey v. Ohio,273 U.S. 510, 535,71 L.Ed.749,47
S.Ct. 437, 5 (1927). "Structural error occurs when a judge with
actual bias against a defendant presides at his trial. Denial of
an impartial judge is structural error that demands reversal. The
entire conduct of the trial from beginning to end is obviously
affected by the presence on the bench of a judge who is not
impartial. And the appellate court cannot review a trial trans-
cript to determine whether the presiding judge, despite his
actual bias, was fair. The record does not reflect the tone of
voice of the judge, his facial expressions, or his unspoken
attitudes and mannerisms, all of which, as well as his statements

19

and rulings of records, might have adversly influenced the jury
and affected it's verdict" see head note3 in Norris v. United
States,820 F.3d 1261 (11thCir.2016). The search warrant Judge
Cardoza administered is a "smoking gun" that proves "actual bias"
which create's "a possible temptation so severe that any court
might presume an actual, substantial incentive to be biased"
see Franklin v. McCaughtry,398 F.3d 955 (7th Cir.2005); Bracy v.
Gramley,520 U.S.899,at 412 (1997). For the state courts to
acknowledge the search warrant Judge Cardoza signed and failure
to find a due process violation on the bases of Judge Cardoza's
failure to recuse in favor of an impartial jurist, was an
unreasonable determination of the facts in light of the search
warrant presented in the state habeas petitions and the Petition
For Review that was filed in the California Supreme Court 28
U.S.C. §2254(d)(2) " Due Process is violated when a judge has
a dual role of both investigating and adjudicating a matter"
Murchison,supra,349 U.S. at 139;see also Hurles v. Ryan,706
F.3d 1021(9thCir.2013). Based on the "extreme facts" presented
in the Petition For Review Petitioner respectfully request this
honorable court to disqualify Judge Cardoza and vace Petitioner's
conviction and sentence, in the interest of justice.see Caperton
v. A.T. Massey Coal Co.,556 U.s.868,881,129 S.Ct.2252,173 L.Ed.
2d 1208 (2009). By contrast, this honorable court should also
consider the risk of injustice to Petitioner in this underlying
case, and "the risk that the denial of relief will produce
injustice in other cases,and the risk of undermining the public's
confidence in judicial process" quoting Liljeberg v.Health Serv.
Acquisition Corp,486 U.S. 847, 862-864(1988). That is because,

Judge Cardoza's participation in the accusatory process of
Petitioner's underlying case, then becoming presiding trial
judge in the very same case, this posture must be "forbidden
if the guarantee of due process is to be adequately implemented"
quoting Withrow v. Larkin, 421 U.S. 35, 46 95 S. ct. 1456,43
L.Ed. 2d 712 (1975). "Having been a part of the accusatory
process a judge cannot be, in the very nature of things, wholly
disinterested in the conviction or acquittal of those accused"
quoting In re Murchison,349 U.S.,at 136-137, 75 S.ct.623,99
L.Ed. 942(1955). Judge Cardoza's unconstitutional failure to
recuse in favor of an impartial and disinterested judge, is a
prima facie fact that overcomes the presumption of honesty and
integrity of Judge Cardoza being disinterested in presiding over
Petitioner underlying case, this demonstrates a personal interest
in Judge Cardoza presiding over Petitioner's trial proceeding.
Thus, Petitioner has met his burden in proving his judicial
bias claim see Paradis v. Arave,20 F.3d 950,958(9thCir.1994)
contrary to Rhoades v. Henry,598 F.3d 511, 519 (2010); Larson v.
Palmateer, 515 F.3d 1057, 1067 (9th Cir.2008); see also Bracy v.
Gramley,520 U.S. at 909,117 S. Ct.1793(1997). As the United
State Supreme Court stated in Williams "an unconstitutional
failure to recuse constitutes structural error" Williams v.
Pennsylvania,136 S.Ct. at p.1909 (2016). Thus, the state courts
failure to find a Due Process violation on the bases of "Judge
Cardoza failing to recuse in favor of an impartial jurist ",
constituted an objectively unreasonable application of clearly
established Federal law, as guided by Supreme Court Precedent
Little v. Kern County Superior Court, 294 F.3d 1075,1080(2002)

21

The fact that Judge Cardoza administered the search warrant, is a strong enough influence, that a reasonable jurist may presume actual bias  see Del Vecchio v. Illinois Dep't of Corr.,31 F.3d 1363, 1375(7thCir.1994); Dyas v. Lockhart,705 F.2d 993,997(8th Cir.1983);see also Paradis v. Arave,20 F.3d 950,958(9thCir.1994). Because Judge Cardoza was actually biased, Petitioner is entitled to a new trial unburdened by any "possible temptation...not to hold the balance nice, clear and true between the state and the accused" Tumey v. Ohio,273 U.S. 510,47 S.Ct. 437,71 L.Ed.749 (1927). The United State Supreme Court Precedent does not require a Petitioner to prove "actual bias" by rendering "speculative theories", Federal courts asks the questions the United States Supreme Court Precedents require: "Whether, considering all the circumstances alleged, the risk of bias was too high to be constitutionally tolerable" Quoting Rippo v. Baker,137 S.Ct.905, 197 L.Ed.2d 167 (2017). Thus, Petitioner rests his Judicial Bias claim soley on the bases of "Judge Cardoza's failure to recuse" denied Petitioner Equal Protection and Due Process of law as he stated in the Petition For Review.Reflecting on the principles of Due Process, "In order for Justice to function,Justice must satisfy the appearance of Justice" Aetna Life Ins. Co v. Lavoie, 475 U.S. 813,825, 106 S.Ct. 1580, 89 L. Ed. 2d 823 (1986).

IV.

## CONCLUSIONS OF LAW

The Equal Protection Clause to Fourteenth Amendment United States
Constitution protects Petitioner from irrational discrimination
or disparate treatment unjustifiable by any legitimate govern-
mental interest, the Due Process Clause that is also embodied
in the Fourteenth Amendment United States Constitution, it's
Procedural and Substantive manifestations protects against
unconstitutional deprivations of life, liberty, or property
UNITED STATES CONSTITUTION AMENDMENT XIV
Section 1. "All persons born or naturalized in the United States,
and subject to the jurisdiction thereof, are citizens of the
United States and of the State wherein they reside. No State
shall make or enforce any law which shall abridge the privileges
or immunities of citizens of the United States; nor shall any
State deprive any person of life, liberty, or property, with-
out due process of law; nor deny to any person within it's
jurisdiction the equal protection of the laws."

Petitioner respectfully request this honorable court to grant
the habeas petition that arrives to this honorable court, in
favor of Petitioner's Equal Protection and Due Process Clauses
of the Fourteenth Amendment of the United States Constitution.

## V.
### PRAYER FOR RELIEF

Petitioner respectfully request this honorable court to grant the habeas corpus petition that arrives to this honorable court as Petitioner was denied the Equal Protection and Due Process Clauses to the United States Constitution due to the fundamental defect complained of, that is prescibed in the habeas corpus petition that arrives to this honorable court. It is respect-fully submitted that this honorable court order the following:

1)Order an Evidentiary hearing to recieve testimony supporting Petitioner's contention;

2) After full consideration, set aside Petitioner's conviction, and sentence releasing him from CDCR State Prison; and

3) Grant Petitioner any further or other relief that is just, IN THE INTEREST OF JUSTICE.

## DECLARATION OF CHARLES DEVON GARRETT

I, Charles Devon Garrett, declare under penalty of perjury that I am over the age of eighteen, and of sound mind to make this declaration that I was born in the State of California in the city of Fresno on August 10, 1987. I am in the jurisdiction of the State of California and a United States Citizen.

That, I am a descendant of the African slaves that became citizens of the United States through and by the Fourteenth Amendment of the United States Constitution. On February 19, 2019, I was deprived of Due Process of law and Equal Protection of the law, due to Judge Cardoza becoming a Judge of her own case, in which I was the accused. I am currently fighting for my Equal Protection and Due Process rights, which brings me to this honorable court via habeas corpus.

I am the Petitioner in this action. All facts alleged in the above document, not otherwise supported by citations to the record, or other documents, are true of my own personal knowledge and recollection of stated events. I declare under penalty of perjury that the above is true and correct and that this declaration was executed on 4/6/2023 at
San Luis Obispo, California

Dated: April 6, 2023

Respectfully Submitted,

Charles Devon Garrett
Petitioner in Pro se

## PROOF OF SERVICE BY MAIL

### BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, __Charles Devon Garrett_____, declare:

I am over 18 years of age and a party to this action. I am a resident of _____

_____California Men's Colony State_____Prison,

in the county of __San Luis Obispo_____,

State of California. My prison address is: __P.O.Box8101 cell#2236_____,

San Luis Obispo, Ca 93409_____.

On____**April 6, 2023**_____,
                           (DATE)

I served the attached:____Habeas Corpus Petition 28 U.S.C.§2254_____

_____
                           (DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage

thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional

institution in which I am presently confined. The envelope was addressed as follows:

Charles Devon Garrett CDC'#BJ9946          Clerk of United States
California Men's Colony cell#2236          District Court
P.O.Box 8101                              To: Eastern District     #
San Luis Obispo, Ca 93409                     2500 Tulare Street suite1501
                                          Fresno,Ca 93721

I declare under penalty of perjury under the laws of the United States of America that the foregoing

is true and correct.

Executed on __**4/6/2023**_____
              (DATE)                        _____
                                            (DECLARANT'S SIGNATURE)

Civ-69 (Rev. 9/97)                                    ::ODMA\PCDOCS\WORDPERFECT\2283Z\1