1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHARLES DEVON GARRETT,                  Case No.  1:22-cv-00899-JLT-HBK (HC)

12              Petitioner,                  FINDINGS AND RECOMMENDATIONS TO:

13        v.                                 DENY PETITIONER'S MOTION FOR
                                             SUMMARY JUDGMENT;
14   SHAWN MOORE,
                                             DENY THIRD AMENDED PETITION FOR
15              Respondent.                  WRIT OF HABEAS CORPUS;

16                                           FIND REQUEST FOR JUDICIAL NOTICE
                                             MOOT; AND
17
                                             DECLINE TO ISSUE A CERTIFICATE OF
18                                           APPEALABILITY[1]

19                                           FOURTEEN-DAY OBJECTION PERIOD

20                                           (Doc. Nos. 42, 50, 52, 54)

21

22        Petitioner Charles Devon Garrett ("Garrett" or "Petitioner"), a state prisoner is proceeding

23   pro se on his third amended petition for writ of habeas corpus under 28 U.S.C. § 2254.  (Doc. No.

24   42, "Petition").  The Petition raises one ground for relief: Garrett's due process rights to a fair and

25   impartial trial in front of an impartial judge were violated because the presiding trial judge, while

26   previously acting as a magistrate judge, signed a search warrant authorizing a search of his

27   _____

28   [1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302
     (E.D. Cal. 2022).

1  property.  (*See generally id.*).  Respondent filed an answer to the third amended petition on June

2  22, 2023, and Petitioner filed a reply on July 13, 2023.  (Doc. Nos. 46, 48).  Thereafter, Petitioner

3  filed a motion for summary judgment and requests for judicial notice.  (Doc. Nos. 50, 52, 53).

4  For the reasons set forth below, the undersigned recommends that the district court deny

5  Petitioner's motion for summary judgment, deny Petitioner any relief on his Petition, deny

6  Petitioner's requests for judicial notice, and decline to issue a certificate of appealability.

7  **I.  BACKGROUND**

8  **A.  Procedural History**

9  Garrett initiated this case on June 10, 2022, by filing a petition for writ of habeas corpus

10  under 28 U.S.C. § 2254.  (Doc. No. 1).  After obtaining leave, Petitioner filed a third amended

11  petition on April 10, 2023, and the Court ordered Respondent to respond to operative petition.

12  (Doc. Nos. 42, 44).  On June 21, 2023, Respondent lodged the pertinent state court record, and

13  Respondent filed an answer to the third amended petition on June 22, 2023.  (Doc. Nos. 45, 46).

14  On July 13, 2023, Garrett filed a reply.  (Doc. No. 48).  On August 23, 2023, Garret filed a

15  motion for summary judgment, followed by two requests for judicial notice.  (Doc. Nos. 50, 52,

16  54).  The matter is deemed submitted on the record before the Court.

17  **B.  Facts Based Upon the Record**

18  On May 2, 2018, the Honorable Jane Cardoza, magistrate judge for the Superior Court of

19  California, signed a search warrant authorizing the search of Petitioner's property.  (Doc. No. 45-

20  1 at 16-28).  In August 2018, Petitioner was charged with attempted murder, assault with a

21  firearm, discharging a firearm with gross negligence, possession of a firearm by a felon, and felon

22  carrying a loaded firearm in public; and it was alleged that Petitioner was an active participant in

23  a street gang and had two prior prison terms.  (Doc. Nos. 45-1 at 120; 45-4 at 4-8).  On February

24  19, 2019, the case was assigned to Judge Jon Skiles for trial, and Petitioner moved to disqualify

25  him under California Code of Civil Procedure § 170.6.  (Doc. No. 45-1 at 121).  The motion was

26  granted, and Judge Jane Cardoza was assigned as the trial judge.  (*Id.*).  Petitioner did not object

27  or move to disqualify Judge Cardoza.  (*See generally* Doc. No. 45-5).

28

2

On March 5, 2019, a Fresno County jury convicted Garrett of attempted murder, assault with a firearm, discharging a firearm with gross negligence, and possession of a firearm by a felon. (Doc. No. 45-1 at 121; Doc. No. 45-5 at 747-49). The court declared a mistrial as to the bifurcated gang enhancement phase of the trial because the jury was deadlocked, and the prosecution's motion to strike the gang enhancement was granted without prejudice. (Doc. No. 45-1 at 121; Doc. No. 45-5 at 1103). Garrett was sentenced to an aggregate prison term of 29 years. (*Id*. at 122; Doc. No. 45-5 at 1165-66)

On direct appeal, appointed counsel asked the court to review the record to determine whether there were any arguable issues. (Doc. No. 35-2 (citing *People v. Wende*, 25 Cal.3d 436 (1979)). After being advised of his right to do so, Garrett filed a supplemental brief. (*Id*. at 2). On June 14, 2021, the state appellate court affirmed the trial court judgment but directed the trial court to correct clerical errors. (Doc. No. 35-2); *People v. Garrett*, No. F17901972, 2021 WL 2411189 (Cal. Ct. App. June 14, 2021). On January 14, 2021, Petitioner filed a habeas corpus petition in Fresno County Superior Court, claiming "he was denied a fair and impartial trial from a disinterested judge because Judge Jane Cardoza was the magistrate that signed the search warrant in his case. Petitioner claims that by signing the search warrant, she had a conflict of interest and argues that Judge Cardoza had a duty to disclose this fact and recuse herself." [2] (Doc. No. 45-1 at 123; *see also* Doc. No. 45-1 at 1-100). The Superior Court denied relief on March 4, 2021. (Doc. No. 45-1 at 119-28). Petitioner subsequently sought habeas relief based on a claim of judicial bias in the state appellate court and state supreme court, which were summarily denied by the California Court of Appeal and the California Supreme Court, respectively. (Doc. Nos. 35-3, 35-4, 45-1 at 129-250).

## II. APPLICABLE LAW AND ANALYSIS

### A. Motion for Summary Judgment

After Respondent filed an Answer, and Petitioner filed a reply to the Answer, Petitioner

---

[2] As noted by Respondent, and unchallenged by Petitioner, the "circumstances underlying the charges and convictions are not relevant to Petitioner's sole claim raised in his third amended § 2254 petition." (Doc. No. 46 at 1).

moved for summary judgment.  (Doc. No. 50).  Summary judgment is available "if the pleadings, the discovery, the disclosure documents on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  To the extent motions for summary judgment are appropriate at all in federal habeas proceedings, they are authorized under Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts, which extends "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules . . .."

However, federal habeas cases generally consist of "an answer and reply [to the petition] (Rule 5), an evidentiary hearing in some cases (Rule 8), and the entry of an order with or without a certificate of appealability (Rule 11)[.]"  *Gussner v. Gonzalez*, 2013 WL 458250, at *3 (N.D. Cal. Feb. 5, 2013) (citing R. Governing Section 2254 Cases).  The habeas rules "do not contemplate either a trial or an additional set of briefing or hearing."  *Id.* (explaining that the passage of AEDPA "worked a significant change in federal habeas corpus review of state court criminal convictions and severely limited the scope of review").

Respondent filed an Answer addressing the merits of the petition; thus, the procedural posture of this case renders Petitioner's motion for summary judgment redundant and unnecessary.  *See Rizzolo v. Puentes*, 2019 WL 1229772, at *1 (E.D. Cal. Mar. 15, 2019) (quoting *Johnson v. Siebel*, 2015 WL 9664958, at *1 n.2 (C.D. Cal. Aug. 4, 2015)) ("Because the Court's analysis of the merits of a habeas petition is equivalent to a summary judgment motion, '[m]otions for summary judgment are inappropriate in federal habeas cases.'"); *Crim v. Benov*, 2011 WL 1636867, at *3 (E.D. Cal. Apr. 29, 2011) (In habeas proceedings, "motions for summary judgment are unnecessary because petitions may be decided immediately by the court following submission of the pleadings provided no material issues of fact exist.").

As set forth *infra*, the undersigned addresses the operative Petition on the merits as fully briefed by the parties and recommends denial of the Petition on the merits.  Accordingly, the undersigned recommends that Petitioner's motion for summary judgment be denied.

////

1

### B.  Third Amended Petition

A federal court's statutory authority to issue habeas corpus relief for persons in state custody is set forth in 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  AEDPA requires a state prisoner seeking federal habeas relief to first "exhaus[t] the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A).  If the state courts do not adjudicate the prisoner's federal claim "on the merits," a *de novo* standard of review applies in the federal habeas proceeding; if the state courts do adjudicate the claim on the merits, then the AEDPA mandates a deferential, rather than *de novo*, review.  *Kernan v. Hinojosa*, 136 S. Ct. 1603, 1604 (2016).  This deferential standard, set forth in § 2254(d), permits relief on a claim adjudicated on the merits, but only if the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  This standard is both mandatory and intentionally difficult to satisfy.  *Sexton v. Beaudreaux*, 138 S. Ct. 2555, 2558 (2018); *White v. Woodall*, 572 U.S. 415, 419 (2014).

"Clearly established federal law" consists of the governing legal principles in the decisions of the United States Supreme Court when the state court issued its decision.  *White*, 572 U.S. at 419.  Habeas relief is appropriate only if the state court decision was "contrary to, or an unreasonable application of," that federal law.  28 U.S.C. § 2254(d)(1).  A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts.  *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, *Brown v. Payton*, 544 U.S.

5

133, 134 (2005), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407, (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). The petitioner must show that the state court decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103.

When reviewing a claim under § 2254(d), any "determination of a factual issue made by a State court shall be presumed to be correct[,]" and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Burt v. Titlow*, 571 U.S. 12, 18 (2013) ("[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.") (quoting *Wood v. Allen*, 558 U.S. 290, 293 (2010)).

As discussed earlier, for the deferential § 2254(d) standard to apply there must have been an "adjudication on the merits" in state court. An adjudication on the merits does not require that there be an opinion from the state court explaining the state court's reasoning. *Richter*, 562 U.S. at 98. "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id*. at 99. "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." *Id*. at 99-100. This presumption applies whether the state court fails to discuss all the claims or discusses some claims but not others. *Johnson v. Williams*, 568 U.S. 289, 293, 298-301 (2013).

While such a decision is an "adjudication on the merits," the federal habeas court must still determine the state court's reasons for its decision in order to apply the deferential standard. When the relevant state-court decision on the merits is not accompanied by its reasons,

6

1
2
3
4
5

> the federal court should "look through" the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning.  But the State may rebut the presumption by showing that the unexplained affirmance relied or most likely did rely on different grounds than the lower state court's decision, such as alternative grounds for affirmance that were briefed or argued to the state supreme court or obvious in the record it reviewed.

6    *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).  The federal court "looks through" the silent state

7    court decision "for a specific and narrow purpose—to identify the grounds for the higher court's

8    decision, as AEDPA directs us to do." *Id.* at 1196.

9
10
11
12
13

> When . . . there is no reasoned state-court decision on the merits, the federal court "must determine what arguments or theories . . . could have supported the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Richter*, 562 U.S. at 102.  If such disagreement is possible, then the petitioner's claim must be denied. *Ibid*.

14    *Sexton*, 138 S. Ct. at 2558.

15        For purposes of reviewing Petitioner's claims, the Court considers the last reasoned

16    decision on Petitioner's claims—that of the Fresno County Superior Court.

17                     **1.  Ground One: Judicial Bias**

18                          **a.  Background**

19        Garrett argues he was denied his constitutional right to a fair and impartial trial in front of

20    an impartial judge because the presiding trial judge previously signed a search warrant

21    authorizing a search of his property, while acting as a magistrate judge.  (Doc. No. 42 at 22-30).

22    Specifically, he argues that Judge Cardoza's "participation in the accusatory process of

23    Petitioner's underlying case was of critical import that require's [sic] recusal."  (*Id.* at 22 (also

24    arguing the trial judge failed to "disclose and recuse, based on her previous participation in the

25    accusatory process within the meaning of California Civil Procedure § 170.1(a)(8)(A)(i).")).[3]

26

27
28

---

[3] California Civil Procedure § 170.1(a)(8)(A)(i) provides that a judge shall be disqualified if the "judge has a current arrangement concerning prospective employment or other compensated service as a dispute resolution neutral or is participating in, or, within the last two years has participated in, discussions regarding prospective employment or service as a dispute resolution neutral, or has been engaged in that

7

1   In its Answer, Respondent argues Garrett's claim is procedurally defaulted and barred

2   from federal habeas review because the Fresno Superior Court found Petitioner's judicial bias

3   claim was forfeited under California's contemporaneous objection rule.  (Doc. No. 46 at 7-9).

4   Alternatively, Respondent argues that Petitioner's claim fails on the merits because "no clearly

5   established Supreme Court precedent condemns actions taken by Judge Cardoza."  (Id. at 9-10).

6   In reply, as to procedural default, Petitioner argues he was deprived of the opportunity to

7   object because Judge Cardoza failed to disclose at trial that she administered the search warrant.

8   (Doc. No. 48 at 17-19).  Petitioner additionally argues Respondent's interpretation of Supreme

9   Court law is erroneous because the cited case referenced an "arrest warrant" as opposed to

10  "search warrant," and his constitutional right to a fair impartial trial was violated because "there

11  remained a serious risk that [J]udge Cardoza was influenced by an improper, if inadvertent,

12  motive to validate and preserve the result obtained through the accusatory process of Petitioner's

13  underlying case, when she was acting as magistrate."  (*Id*. at 19-20).

14  **b.  State Court Decision**

15  In rejecting Garrett's judicial bias claim, the Fresno County Superior Court reasoned as

16  follows:

17  
18  Petitioner's first claim is that he was denied a fair and impartial trial
    from a disinterested judge because Judge Jane Cardoza was the
    magistrate that signed the search warrant in his case.  Petitioner
19  claims that by signing the search warrant, she had a conflict of
    interest and argues that Judge Cardoza had a duty to disclose this
20  fact and to recuse herself.

21  Petitioner includes a copy of the search warrant, which was signed
    by Judge Jane Cardoza, acting as magistrate, on May 2, 2018.  The
22  Court notes that Petitioner failed to raise any objection of judicial
    bias in the underlying proceedings against Judge Cardoza.  Because
23  Petitioner did not object at trial, he waives his right to object later
    after a less than desired outcome.  *People v. Elliott* (2012) 53
24  Cal.4th 535, 572 ("By failing to raise at trial a claim of judicial
    bias, defendant has forfeited it."); *People v. Farley* (2009) 46
25  Cal.4th 1053, 1110; *People v. Samuels* (2005) 36 Cal.4th 96, 114.)

26  Petitioner contends that this claim is based on newly discovered
    evidence and therefore, he could not have raised it at trial.

27  _____

28  employment or service, and … (i) The arrangement is, or the prior employment or discussion was, with a
    party to the proceeding."

8

1
2
3
4

However, the search warrant is not newly discovered evidence and Petitioner acknowledges that his defense attorney had a copy of the search warrant during criminal proceedings.  (*See People v. Williams* (1962) 57 Cal.2d 263, 270; *People v. Beard* (1956) 46 Cal.2d 278, 281; *People v. McGarry* (1954) 42 Cal.2d 429, 433; *People v. Sutton* (1887) 73 Cal. 243, 247.)

5
6
7
8
9

Even so, Petitioner's judicial bias claim lacks any merit.  Petitioner fails to demonstrate that Judge Cardoza was required to recuse herself under California Code of Civil Procedure section 170.1.  Although Judge Cardoza had signed the search warrant, Petitioner fails to demonstrate she had the level of personal knowledge of a disputed evidentiary fact concerning the proceeding that would make her likely to be called as a material witness in the proceeding.  (Code Civ. Proc, § 170.1, subd. (a)(1)).  Therefore, Petitioner fails to state a prima facie case regarding this first claim of judicial bias.

10  (Doc. No. 45-1 at 123-24).

11  **c.  Garrett is Not Entitled to Relief**

12  Respondent contends that "[b]ecause the state court found Petitioner's judicial bias claim

13  forfeited under California's contemporaneous objection rule, his federal claim is procedurally

14  defaulted and barred from federal habeas review."  (Doc. No. 46 at 7).  The undersigned agrees

15  that the sole claim raised for relief appears procedurally barred.  Petitioner did not object to Judge

16  Cardoza's judicial bias at trial.  The procedural bar was "adequate," i.e. clear, well settled and

17  established.  *People v. Elliott*, 53 Cal. 4th 535, 572 (2012); *People v. Farley*, 46 Cal. 4th 1053,

18  1110 (2009); *People v. Samuels*, 36 Cal. 4th 96, 114 (2005).  The state court expressly rejected

19  Petitioner's sole claim on the basis that Petitioner failed to object to judicial bias at trial.  (Doc.

20  No. 45-1 at 123-24).  Petitioner does not show cause or prejudice or actual innocence to excuse

21  his default.  *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991).  Respondent has not waived the

22  defense.  Thus, Petitioner has forfeited his right to present this procedurally defaulted claim via a

23  federal habeas petition.  *Murray v. Carrier*, 477 U.S. 478, 485-92 (1986).

24  The court need not address procedural default if another issue is "easily resolvable"

25  against a habeas petitioner.  *Lambrix v. Singletary,* 520 U.S. 518, 525 (1997); *Franklin v.*

26  *Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002) ("Procedural bar issues are not infrequently more

27  complex than the merits issues presented by the appeal, so it may well make sense in some

28  instances to proceed to the merits if the result will be the same.").  Accordingly, in an abundance

1  of caution, the undersigned proceeds to consider the Petition on the merits.

2     First, to the extent Garrett claims the trial judge violated Civil Code of Civil Procedure §

3  170.1 in failing to disclose that she previously signed the search warrant and failing to recuse

4  herself, his claim is not cognizable on federal habeas review.  The Fresno County Superior Court

5  found Petitioner failed to state a prima facie case regarding his judicial bias claim.  (Doc. No. 45-

6  1 at 124).  A federal habeas court is bound by the state court's determination concerning the

7  provisions of state law.  *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (quoting *Estelle v.*

8  *McGuire*, 502 U.S. 62, 67-68 (1991) ("[A] state court's interpretation of state law, including one

9  announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas

10  corpus.")); *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (internal citations omitted) ("'it is not the

11  province of a federal habeas court to reexamine state-court determinations on state-law

12  questions.'"); *Swarthout*, 562 U.S. at 219 ("[F]ederal habeas corpus relief does not lie for errors

13  of state law.").

14     Second, Petitioner's claim that is federal due process rights were violated is without merit.

15  "A fair trial in a fair tribunal is a basic requirement of due process.  Fairness of course requires an

16  absence of actual bias in the in the trial of cases.  But our system of law has always endeavored to

17  prevent even the probability of unfairness."  *In re Murchison*, 349 U.S. 133, 136 (1955).  The

18  Supreme Court has recognized that "most matters relating to judicial disqualification [do] not rise

19  to a constitutional level."  *Capterton v. A.T. Massey Coal Co., Inc*., 556 U.S. 868, 876 (2009).

20  Pursuant to Supreme Court precedent, there are "only three circumstances in which an appearance

21  of bias – as opposed to evidence of actual bias – necessitates recusal": (1) the judge has a

22  pecuniary or personal interest in the outcome of the proceedings, (2) the judge "becomes

23  embroiled in a running, bitter controversy with one of the litigants," or (3) the judge "acts as part

24  of the accusatory process."  *Crater v. Galaza*, 491 F.3d 1119, 1130 (9th Cir. 2007) (quoting from

25  *Tumey v. Ohio*, 273 U.S. 510, 523 (1927); *Mayberry v. Pennsylvania*, 400 U.S. 455, 465 (1971);

26  *Murchison*, 349 U.S. at 137).

27     A claim of judicial misconduct by a state judge in the context of federal habeas review

28  will warrant habeas relief only where "the state trial judge's behavior rendered the trial so

1    fundamentally unfair as to violate federal due process under the United States Constitution."

2    *Duckett v. Godinez*, 67 F.3d 734, 740 (9th Cir. 1995).  To establish a due process violation based

3    on judicial bias, the petitioner must overcome the strong presumption that a judge is not biased.

4    *Withrow v. Larkin*, 421 U.S. 35, 47 (1975) (there is a "strong presumption of honesty and

5    integrity in those serving as adjudicators"); *see also Larson v. Palmateer,* 515 F.3d 1057, 1067

6    (9th Cir. 2008) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)) ("In the absence of any

7    evidence of some extrajudicial source of bias or partiality, neither adverse rulings nor impatient

8    remarks are generally sufficient to overcome the presumption of judicial integrity, even if those

9    remarks are 'critical or disapproving of, or even hostile to, counsel, the parties, or their cases.'").

10        Here, Petitioner argues his claim of judicial bias rises to the level of a constitutional

11   violation because "Judge Cardoza was [a part] of the accusatory process in which she was acting

12   as Magistrate evaluating evidence in the form of an affidavit, which Petitioner [] was the 'Prime

13   Suspect,' then rendered probable cause as a result of her analysis, then 9 months and 17 days

14   later, Judge Cardoza became the 13th Juror of the 'same case she helped put together,' in which

15   Petitioner [] was then 'the accused.'"  (Doc. No. 42 at 24).  The argument is unavailing.  The

16   Supreme Court has explicitly held that "opinions formed by the judge on the basis of facts

17   introduced or events occurring in the course of the current proceedings, or of prior proceedings,

18   do not constitute a basis for a bias or partiality motion unless they display a deep-seated

19   favoritism or antagonism that would make fair judgment impossible."  *Liteky*, 510 U.S. at 555-56.

20   (finding grounds for disqualification asserted by petitioners including "judicial rulings, routine

21   trial administration efforts, and ordinary admonishment (whether or not legally supportable) to

22   counsel and witnesses" were inadequate as "[a]ll occurred in the course of judicial proceedings,

23   and neither (1) relied upon knowledge acquired outside such proceedings nor (2) displayed deep

24   seated and unequivocal antagonism that would render fair judgment impossible.").  Petitioner has

25   not cited, nor does the Court discern in the record, any evidence of favoritism or antagonism, or

26   improper reliance on knowledge gained from an extrajudicial source, that would form the basis of

27   a due process violation.

28        Moreover, district courts in the Ninth Circuit have routinely denied habeas corpus

11

1    petitions claiming judicial bias based solely on prior authorization of a search warrant by a state

2    court judge who later presided at trial.  *See, e.g., Moreno v. Allison*, 2023 WL 5613549, at *13-14

3    (E.D. Cal. Aug. 30, 2023) (denying claim of judicial bias based in part on assertion that trial

4    judge "utilized knowledge gained from authorizing a search warrant"); *Smith v. Harrington*, 2010

5    WL 5776046, at *4 (C.D. Cal. Aug. 30, 2010) ("Petitioner has not cited any authority nor is the

6    Court aware of any requirement that a trial judge signing a search warrant recuse himself form

7    later presiding over the case, as Petitioner contends."); *see also Valencia v. Davey,* 2015 WL

8    3402946, at *15 (E.D. Cal. May 27, 2015) ("the rulings that were the basis of Petitioner's

9    challenge were not decisions on the merits of Petitioner's guilt; they were decisions made either

10   on matters collateral to Petitioner's guilt or pursuant to standards other than beyond a reasonable

11   doubt, such as probable cause.  These routine pretrial rulings provide no basis for concluding that

12   any bias or prejudice entered into the judge's rulings or had any effect on them.  The mere

13   participation of a judge in a case as an adjudicator in a proceeding does not disqualify the jurist

14   from participating as the trial judge."); *Ayers v. Kirkegard*, 2015 WL 268870, at *1-2 (D. Mont.

15   Jan. 21, 2015) ("If a judge's formation of an opinion of a defendant in the course of a criminal

16   case does not violate constitutional due process, certainly reviewing an affidavit, finding mere

17   probable cause to believe the defendant has committed a crime, and authorizing the filing of an

18   Information does not.  This procedure does not make a judge part of the accusatory process any

19   more than issuing a search warrant makes a judge part of the investigative process.").  Petitioner

20   similarly fails to make any showing that his due process right to an impartial trial was violated by

21   Judge Cardoza's failure to recuse herself merely because she previously signed a search warrant

22   in his case.  *Cf Murchison*, 349 U.S. at 137-39 (finding violation of due process where the same

23   judge conducted a one-person grand jury charging petitioners; and then tried, convicted, and

24   sentenced petitioners).

25          Based on the foregoing, Petitioner has not shown that the state court rejection of his

26   judicial bias claim was contrary to or an unreasonable determination of clearly established law,

27   nor has he shown a violation of his right to a fair and impartial trial under the more demanding

28   standard of *de novo* review.   Thus, the undersigned alternatively recommends ground one of the

1    Petition be denied as without merit.

2         **C.  Request for Judicial Notice**

3         Garrett filed several requests for judicial notice after he filed a reply to the Answer and his

4    Motion for Summary Judgment.  (Doc. Nos. 52, 53).  Federal Rule of Evidence 201 permits a

5    court to take judicial notice of facts that are "not subject to reasonable dispute" because they are

6    either "generally known within the trial court's territorial jurisdiction," or they "can be accurately

7    and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R.

8    Evid. 201(b).  However, Petitioner's requests for judicial notice do not appear to identify any

9    facts that would qualify under this standard; rather, liberally construed, the requests appear to

10   restate the arguments made in his underlying third amended petition and motion for summary

11   judgment.  As discussed *supra*, those arguments have been fully considered by the Court.  Thus,

12   the undersigned finds Petitioner's recent requests for judicial notice moot.

13        **IV.  CERTIFICATE OF APPEALABIILTY**

14        A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district

15   court's denial of a petition; he may appeal only in limited circumstances.  *See* 28 U.S.C. § 2253;

16   *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  Rule 11 Governing § 2254 Cases requires a

17   district court to issue or deny a certificate of appealability when entering a final order adverse to a

18   petitioner.  *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th

19   Cir. 1997).  A certificate of appealability will not issue unless a petitioner makes "a substantial

20   showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard requires

21   the petitioner to show that "jurists of reason could disagree with the district court's resolution of

22   his constitutional claims or that jurists could conclude the issues presented are adequate to

23   deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327; *accord Slack v.

24   McDaniel*, 529 U.S. 473, 484 (2000).  Here, Petitioner has not made a substantial showing of the

25   denial of a constitutional right.  Thus, the undersigned recommends that the court decline to issue

26   a certificate of appealability.

27        Accordingly, it is **RECOMMENDED**:

28        1.  Petitioner's Motion for Summary Judgment (Doc. No. 50) be DENIED.

13

2. Petitioner be denied all relief on his third amended petition.  (Doc. No. 42).

3. Petitioner's requests for judicial notice (Doc. Nos. 52, 53) be DENIED as moot.

4. Petitioner be denied a certificate of appealability.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:    October 18, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE