UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES DEVON GARRETT,<br><br>        Petitioner,<br><br>   v.<br><br>SEAN MOORE,<br><br>        Respondent. | Case No.   1:22-cv-00899-JLT-HBK (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR DISCOVERY<br><br>(Doc. No. 56)<br><br>ORDER DENYING PETITIONER'S MOTION FOR EVIDENTIARY HEARING<br><br>(Doc. No. 57)<br><br>ORDER DENYING PETITIONER'S MOTION TO DISQUALIFY JUDGE<br><br>(Doc. No. 59) |

     Before the court are Petitioner's motion for discovery filed October 31, 2023, motion for an evidentiary hearing filed October 31, 2023, and motion to disqualify the assigned magistrate judge filed November 3, 2023.  (Doc. Nos. 56, 57, 59).  Petitioner, a state prisoner, has pending a pro se third amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254.  (Doc. No. 42).  On October 19, 2023, the undersigned issued findings and recommendations recommending that Petitioner's third amended petition be denied.  (Doc. No. 54).  On October 30, 2023 and November 2, 2023, Petition filed objections to the findings and recommendations.  (Doc. Nos. 55, 58).  As of the date of this order, the findings and recommendations remain pending before the assigned district judge.

1

**A. Motion for Discovery and Motion for Evidentiary Hearing**

Evidentiary hearings are granted only under limited circumstances in habeas proceedings. *See* 28 U.S.C. § 2254(e)(2)(A)(ii). Similarly, a habeas petitioner, "unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Under Rule 6(a) of the Rules Governing Section 2254 Cases, a federal district court may in its discretion authorize discovery in a habeas proceeding for good cause. *See id.* at 904-05. Good cause exists if "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed," demonstrate entitlement to habeas relief. *Smith v. Mahoney*, 611 F.3d 978, 996-97 (9th Cir. 2010). However, "bald assertions and conclusory allegations" do not "provide a basis for imposing upon the state the burden of responding in discovery to every habeas petitioner who wishes to seek such discovery." *Mayberry v. Petsock*, 821 F.2d 179, 185 (3d Cir. 1987) (citing *Wacht v. Cardwell*, 604 F.2d 1245, 1246 n.2 (9th Cir. 1979)).

Here, Petitioner requests "all previous[ly] denied state habeas corpus petitions, as these petitions are necessary for an adequate and effective review of Petitioner's entire record that was before the state courts." (Doc. No. 56 at 2). Petitioner further argues there is good cause to order discovery of these documents because should his third amended petition be denied, "Petitioner can have a full record for the Ninth Circuit to review, while allowing Petitioner the opportunity to draft an effective appeal brief." (*Id.*). However, Petitioner does not state why these documents are relevant to determine the *merits* of the judicial bias claim currently before this Court, nor does Petitioner offer any legal authority to support this Court ordering production of documents for the purpose of hypothetical appeal.

In the Motion for Discovery, Petitioner additionally requests the following documents: the minute order showing he was acquitted of his previous gun-related charge, police reports "that involved Petitioner into the stolen gun theft that is mention in the John Mendes affidavit," transcripts of the "oral conversation between detective John Mendes and Judge Jane Cardoza," and transcripts of conversations in chambers, including the entire pretrial conference, between Judge Cardoza, the district attorney, and Petitioner's attorney. (Doc. No. 56 at 2-3). Petitioner

argues these documents will prove that Judge Cardoza's "adverse rulings coincided with her previous ruling of rendering 'probable cause,' assuring [that] ruling is preserved, and a conviction as successfully carried out." (*Id*. at 3). Liberally construed, the "Motion for Evidentiary Hearing" appears to seek the same "information that is not apart [sic] of the record" requested in the Motion for Discovery, to wit – "'gun theft information' that intertwined in detective John Mendes investigation, and was conveyed to Judge Cardoza when she was 'acting as Magistrate,'" that will "prove that Judge Cardoza had an incentive to remain attached to the events described in the affidavit, while consuming the motive to ensure that her (Judge Cardoza) previous ruling of 'finding Probable cause', leads to a successful conviction." (Doc. No. 57 at 4-5).

Petitioner does not provide the Court with reason to conclude that if his motion for discovery is granted and the facts fully developed, he will be able to demonstrate he is entitled to relief. Moreover, any discovery would likely be futile because the Court's review, under *Cullen v. Pinholster*, 563 U.S. 170 (2011), is limited under 28 U.S.C. § 2254(d) to the record that was before the state court that adjudicated the claim on the merits. *See Runningeagle v. Ryan*, 686 F.3d 758, 773 (9th Cir. 2012) (petitioner not entitled to conduct additional discovery, expand the record, or obtain an evidentiary hearing where the state court had adjudicated the claim on the merits). For all of these reasons, the motion for discovery and the motion for evidentiary hearing are denied. After review of the findings and recommendations, and the objections submitted by Petitioner, the district judge will schedule an evidentiary hearing if warranted. *See* Rules Governing Section 2254 Cases, R. 8(a).

**B. Motion for Recusal**

Petitioner seeks the undersigned to recuse herself from this case because she is biased. (Doc. No. 59 at 6). Whether a federal judge must recuse oneself is governed by 28 U.S.C. § 455. Title 28 U.S.C. § 455 provides that a "magistrate judge shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned" or "[w]here [she] has a personal bias or prejudice concerning a party." 28 U.S.C. §§ 455(a). "The standard for judging the appearance of partiality requiring recusal under 28 U.S.C. § 455(a) is an objective one and involves ascertaining 'whether a reasonable person with knowledge of all the facts would

conclude that the judge's impartiality might reasonably be questioned.'" *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008); *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1991) (citations omitted). The "reasonable person" is not someone who is "hypersensitive or unduly suspicious," but rather is a "well-informed, thoughtful observer." *Holland,* at 913. "The standard "'must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.'" *Holland*, 519 F.3d at 913. The court's analysis is "fact-driven" requiring "an independent examination of the unique facts and circumstances of the particular claim at issue." *Id*. at 914 (citation omitted). Thus, "except in the "rarest of circumstances," recusal under § 455(a) is limited to "extra judicial source" factors requiring the reason for recusal to be "something other than rulings, opinions formed or statements made by the judge during the course of trial." *Id*. (citing *Liteky v. United States,* 510 U.S. 540, 554–56, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994)).

Applying these principles to the instant matter, the Court declines to recuse herself from this case. Petitioner contends the undersigned improperly considered unsigned pleadings from Respondent, improperly indicated that Petitioner represented himself in underlying trial proceedings, and failed to consider evidence presented in the third amended petition. (*Id*. at 3-5). Petitioner presents no evidence to support these arguments, nor does he present any evidence that a reasonable person would find the undersigned is biased against him. Accordingly, Petitioner's motion for recusal is denied.

Accordingly, it is ORDERED:

1. Petitioner's motion for discovery (Doc. No. 56) is DENIED.

2. Petitioner's motion for an evidentiary hearing (Doc. No. 57) is DENIED.

3. Petitioner's motion to disqualify judge (Doc. No. 59) is DENIED.

Dated:   November 6, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4