**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHARLES DEVON GARRETT,<br><br>Petitioner,<br><br>v.<br><br>SEAN MOORE,<br><br>Respondent. | Case No.: 1:22-cv-0899 JLT HBK (HC)<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS, DENYING MOTION FOR SUMMARY JUDGMENT, DENYING THE THIRD AMENDED PETITION FOR WRIT OF HABEAS CORPUS, DENYING REQUESTS FOR JUDICIAL NOTICE, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Docs. 42, 50, 52, 53, 54) |

Charles Devon Garrett is a state prisoner proceeding pro se on his Third Amended Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 42.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The assigned magistrate judge issued Findings and Recommendations, which concluded that Petitioner's motion for summary judgment be denied, the Third Amended Petition be denied, Petitioner's requests for judicial notice be denied, and that the Court decline to issue a certificate of appealability. (Doc. 54.) Petitioner filed objections to the Findings and Recommendations on October 30, 2023 and November 2, 2023. (Docs. 55, 58.) Thereafter, Petitioner also filed a motion for sanctions, based upon the erroneous belief that an electronic signature found on Respondent's was insufficient to meet the requirements for signing documents. (*See* Doc. 62.)

In his objections—aside from restating arguments previously made in the Third Amended

Petition—Petitioner argues: (1) the assigned magistrate judge is biased, (2) Respondent did not file previous state habeas petitions raising the judicial bias claim as a "tactic" relevant to Respondent's procedural default argument, (3) the magistrate judge failed to consider Petitioner's Equal Protection argument, and (4) the magistrate judge failed to take judicial notice *sua sponte* "with regard to Petitioner's acquittal" of a previous gun possession charge. (*See generally* Docs 55, 58.)

As an initial matter, Petitioner fails to provide evidence of bias. For example, Petitioner fails to explain how his previous habeas petitions, or failure to *sua sponte* take judicial notice of certain information, undermine the magistrate judge's finding as to the merits of his judicial bias claim stated in the Petition.

With the equal protection claim, Petitioner argues that he is "being treated differently because he is African American and indigent." (Doc. 55 at 12-13.) Notably, however, though the Third Amended Petition generally references deprivation of "equal protection of the laws" as part of his judicial bias claim, the Petition does not include any specific argument as to disparate treatment based on race or economic status, and Petitioner did not allege that similarly situated individuals were treated differently in any manner. *See Boardman v. Inslee*, 978 F.3d 1092, 1117 (9th Cir. 2000) ("To prevail on [his] equal-protection claim, [Petitioner] 'must [first] show that a class that is similarly situated has been treated disparately.'"). Rather, Petitioner claims he was "deprived of Equal Protection of the laws and Due Process of the law as he was denied his constitutional right to a 'fair impartial trial before a fair impartial and disinterested judge,' due to Judge Cardoza's unconstitutional failure to recuse herself from Petitioner's trial proceedings, on the basis of 'her (Judge Cardoza) [sic] participation during the accusatory process of Petitioner's underlying case was of critical import that require's [sic] recusal." (Doc. 42 at 22). The magistrate judge properly considered this argument pursuant to clearly established law, and found Petitioner failed to show that his due process right to a fair and impartial trial in front of an impartial judge were violated because Judge Cardoza, as the presiding trial judge, previously signed a search warrant in a separate matter authorizing a search of Petitioner's property. (Doc. 54 at 9-13.) These objections, along with the restatement of arguments previously made in his

Third Amended Petition and reply, do not show any legal error by the magistrate judge, and the objections are overruled.

According to 28 U.S.C. § 636 (b)(1)(C), the Court conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that Findings and Recommendations are supported by the record and proper analysis.

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal, rather an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253.  If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Though the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

The Court finds that reasonable jurists would not find the Court's determination that the petition should be denied debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on October 19, 2023 (Doc. 54) are **ADOPTED** in full.
2. Petitioner's Motion for Summary Judgment (Doc. 50) is **DENIED**.
3. The Third Amended Petition for writ of habeas corpus (Doc. 42) is **DENIED**.
4. Petitioner's requests for judicial notice (Docs. 52, 53) are **DENIED**.
5. The Court declines to issue a certificate of appealability.
6. Petitioner's motion for sanctions (Doc. 62) is **DENIED** as moot.

///

///

7. The Clerk of the Court is directed to terminate any pending motions/deadlines and **CLOSE** the case.

IT IS SO ORDERED.

Dated: __**December 20, 2023**__          *Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE